## Louisville Prize Mining Co. v. Scudder et al.

It *seems* that if the agreement is one embraced within the terms of the statute of frauds, the plaintiff must declare specially; otherwise if it is a promise to pay a precedent existing debt.

*Error to District Court of Gilpin County.*

The case is stated in the opinion.

Mr. L. C. Rockwell and Mr. Hugh Butler, for plaintiff in error.

Mr. Clinton Reed, for defendant in error.

A. W. STONE, J. The evidence shows that John Scudder contracted the debt sued upon, in the name of the Central Gold Mining Company, and the Grass Valley Mining Company, as the agent of said companies. That afterward he found himself unable to pay *his* debts, and that he took Richardson and Wade to plaintiff's store to see what debts he (Scudder) owed.

Who Richardson and Wade were, or what interest they had in Scudder's debts, does not appear. Scudder says he made arrangements with the Louisville Prize Mining Company, whereby the company was to pay the debts of the plaintiffs and Mr. Tappan and others, and this agreement was burned up; was in writing, and signed by the president of the company defendant.

That the Grass Valley Company had a lease of the Central Company's property, and the payment of these bills was one of the considerations upon which the property was surrendered to the Louisville Prize Mining Company.

What that agreement contained is not proven. The witness is not asked as to its contents. He states generally that he made an *arrangement* — that the *agreement* was burned up — that it was in writing, and signed by the president of the company. What that agreement otherwise contained we are not informed.

He says the whole account was submitted to "*them.*" Who are intended by "them," we are not advised.

McShane was permitted to testify, over the defendant's objection, as to what Richardson and Wade said, and as to the contents of a letter written by Wade.

It is not shown what relation Richardson and Wade, or either of them, sustained toward the Louisville Prize Mining Company, if any, and the court erred in receiving this evidence.

The testimony of Scudder is very loose and unsatisfactory. In many instances it is evident that he did not mean what he said, and what he did mean is very uncertain.

The record furnishes this court very limited information upon the question at issue, and the counsel of both

parties have based the greater portion of their argument on an assumption of facts not appearing in the record.

The question of pleading, we think, depends upon the construction of the agreement made by the defendant, whether it is one embraced within the terms of the statute of frauds or not, and the record furnishes no satisfactory evidence what that agreement was.

There is no descriptive proof of it, and the evidence of Scudder is evidently his conclusions of what it contained and not facts.

The substance of the contents of that agreement should be proven.   If the agreement is one embraced within the terms of the statute of frauds, then plaintiff must declare on the special promise.   Brown on Statute of Frauds, § 504 ; *Quin* v. *Hanford,* 1 Hill, 82 ; *Beers* v. *Culver,* id. 589.

If the agreement is not within the statute, and is not a promise to pay the debt of a third person, but a promise to pay the debt of the party making the promise to a particular person designated by the party to whom the debt belonged, and who had the right to make such payment to the third party, a part of the contract of the sale or bargain, then it is not within the statute.

It is, in such case, a promise to pay a precedent and existing debt.   *Barker* v. *Bucklin,* 2 Denio, 45, and cases cited.   And if the amount is agreed upon by the parties the common count for money due on an account stated is sufficient.   1 Chit. Pl. 358.

The judgment is reversed and remanded with costs.

*Reversed.*